[Crim. No. 17130. Fourth Dist., Div. Three. Nov. 3, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
WILFREDO CABAN, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal and Nancy Ann Stoner, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, A. Wells Petersen, Michael D. Wellington, Jay M. Bloom and Steven H. Zeigen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TROTTER, P. J.**—Appeal from a judgment of conviction entered upon a plea of guilty. Notice of appeal was initially filed in accordance with California Rules of Court, rule 31(d)(1) challenging events occurring after entry of the plea. Defendant was granted relief by this court from the requirement of obtaining a certificate of probable cause (Pen. Code, § 1237.5),[1] allowing him to challenge the legality of the proceedings resulting in his plea.

### FACTS

Defendant Wilfredo Caban was charged in a two-count information with burglary (§ 459), robbery (§ 211), and with personally using a firearm during the commission of these offenses. (§ 12022.5.) After initially entering a plea of not guilty, defendant subsequently changed his plea to guilty to the robbery count, and admitted the gun use allegation.[2]

At the change of plea hearing on August 31, 1981, defendant gave informed waivers of his constitutional rights to a jury trial, to confront and cross-examine witnesses against him, and to his right not to incriminate himself. Defendant was further informed that the maximum combined prison term for the robbery charge and gun use admission was seven years. He was told he could make application for probation, which in turn would result in the preparation of a probation report to be considered by the court prior to his sentencing, and that by pleading guilty he was waiving his right to

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

Section 1237.5 provides in relevant part: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty . . . except where:

"(a) The defendant has filed with the trial court a written statement . . . showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and

"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

[2]Both parties assert defendant's guilty plea was entered pursuant to a plea bargain, but differ regarding the specific terms of the bargain. Defendant claims he was promised "special consideration" for probation in exchange for his guilty plea and gun use admission; respondent argues defendant did not bargain for special probation consideration but for the right to have the court consider the ensuing probation report prior to sentencing. However, neither the existence of a plea bargain nor its terms are apparent on the face of the record.

reject any terms or conditions for probation. He was not, however, told that his admission of the gun use allegation would render him legally ineligible for a grant of probation under section 1203.06, subdivision (a)(1)(iii), as interpreted by *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328].[3]

A probation report was filed with the court indicating defendant had requested to be placed on probation, citing defendant's wife's ill health, the care of his two children, 10 and 14 years old, and financial burdens his imprisonment would create for his family. Although the report noted defendant would be a good candidate for probation,[4] it concluded he could not be recommended for probation because he was otherwise statutorily ineligible under section 1203.06 due to his gun use admission.

Defendant's sentencing hearing was held on January 8 and 22, 1982. The prosecution moved to dismiss the remaining burglary count, which involved the same factual situation as the robbery count under section 654.[5] The court pronounced judgment sentencing defendant to serve the lower term of two years in state prison for the robbery conviction. The court stayed execution of the two-year gun use enhancement but denied defendant's application for probation, noting, however, defendant would have been granted probation had he not been ineligible by law. Defendant was granted bail pending resolution of this appeal.

## DISCUSSION

The issue presented is whether failure to advise defendant before entry of his guilty plea of the consequences attendant to his admission of the gun use allegation constituted error (*In re Tahl* (1969) 1 Cal.3d 122 [81

---

[3]Section 1203.06 provides in pertinent part: "(a) Probation shall not be granted to . . . any of the following persons:

"(1) Any person who personally used a firearm during the commission or attempted commission of any of the following crimes:

" . . . . . . . . . . . . . . . . . . . .

"(iii) Robbery, in violation of Section 211. . . ."

The *Tanner* decision held that once findings triggering the application of section 1203.06's provisions have been made, such findings may not be stricken under section 1385's "furtherance of justice" provisions. (*People* v. *Tanner, supra,* 24 Cal.3d at p. 519.)

[4]The report noted defendant expressed remorse for his involvement in the robbery, stating he had been driven to its commission by growing depression over financial problems connected with his wife's poor medical condition. It also indicated defendant expressed a willingness to comply with the terms of probation, possessed a relatively insignificant record of prior criminal conduct, and enjoyed a relatively good employment history.

[5]Section 654 states as follows: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

Cal.Rptr. 577, 460 P.2d 449]; *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]); and if so whether such error was prejudicial to defendant. We answer each inquiry in the affirmative. Accordingly, we reverse the judgment of conviction regarding the gun use allegation and remand with directions to set aside defendant's gun use admission, reinstate the original gun use allegation, and undertake further proceedings in accordance with the views expressed in the opinion.

## I.

The California Supreme Court held in *In re Tahl, supra,* 1 Cal.3d 122, that pleas of guilty cannot be deemed to have been freely and voluntarily given unless the record contains *"on its face direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination, as well as the nature of the charge and the consequences of his plea."* (*Id.,* at p. 132, italics in original.) *Tahl's* holding was compelled by *Boykin* v. *Alabama, supra,* 395 U.S. 238, where the United States Supreme Court held that a guilty plea is uninformed and involuntary absent an affirmative showing that defendant freely and intelligently waived his constitutional rights. (*Id.,* at pp. 242-243 [23 L.Ed.2d at pp. 279-280].) Emphasis on the need of an affirmative showing of waiver was based on the recognition that a guilty plea ". . . is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." (*Id.,* at p. 242 [23 L.Ed.2d at p. 279].)

"To establish that the defendant fully understands the consequences of his plea, the trial court must satisfy itself that the defendant knows about the permissible range of sentences to which he subjects himself by pleading guilty." (*People* v. *Tabucchi* (1976) 64 Cal.App.3d 133, 142 [133 Cal.Rptr. 245]; *In re Tahl, supra,* 1 Cal.3d at p. 133, fn. 7.) Thus, the California Supreme Court has directed that "[i]n all guilty plea . . . cases the defendant shall be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, . . ." (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086].) This requirement, however, extends only to the "primary and direct consequences" of a defendant's "imminent conviction." (*In re Carabes* (1983) 144 Cal.App.3d 927, 929 [193 Cal.Rptr. 65]; *In re Birch* (1973) 10 Cal.3d 314, 319-320 [110 Cal.Rptr. 212, 515 P.2d 12]; but see *People* v. *Searcie* (1974) 37 Cal.App.3d 204, 211-212 [112 Cal.Rptr. 267].)

■ Section 1203.06, subdivision (a)(1)(iii), prohibits the grant of probation to any person who personally uses a firearm during the commission

of a robbery. Preclusion from probation consideration is a direct penal consequence inexorably following conviction of gun use in the commission of a robbery. We hold, consistent with principles outlined in *Tahl* and *Boykin,* that a defendant must be advised that a penal consequence attendant to such admission is legal ineligibility for probation consideration. Since defendant here was not so advised, we conclude this omission was error.

## II.

The issue remaining is whether such error requires reversal of defendant's conviction. ■ While an uninformed waiver of defendant's constitutional rights to a jury trial, to confront witnesses and against self-incrimination ". . . renders a plea or admission involuntary and requires that it be set aside, an uninformed waiver based on the failure of the court to advise an accused of the consequences of an admission constitutes error which requires that the admission be set aside only if the error is prejudicial to the accused." (*In re Ronald E.* (1977) 19 Cal.3d 315, 321 [137 Cal.Rptr. 781, 562 P.2d 684]; *In re Yurko* (1974) 10 Cal.3d 857, 864 [112 Cal.Rptr. 513, 519 P.2d 561].) This is so because advisement regarding the consequences of a plea or admission is not constitutionally compelled but constitutes "a judicially declared rule of criminal procedure." (*Ibid.*)

The determinative inquiry on the issue of prejudice is the harmless error test[6] articulated in *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d

---

[6]Defendant argues the harmless error standard should not apply to this case because defendant's guilty plea was entered pursuant to a plea bargain, citing *People* v. *Mancheno* (1982) 32 Cal.3d 855 [187 Cal.Rptr. 441, 654 P.2d 211]. *Mancheno* involved failure to implement a plea bargain term calling for the undertaking of a diagnostic study. Our Supreme Court held specific performance of this term was the appropriate remedy as it would fulfill the expectation of the parties without impinging upon the trial court's sentencing discretion. (*Id.,* at p. 864.) The court also held the harmless error test was inapplicable in the context of a case where the terms of a plea bargain had not been fulfilled. (*Id.,* at pp. 865-866.)

We find *Mancheno*'s facts and reasoning inapposite to the instant case. Here, unlike *Mancheno,* neither a plea bargain nor its terms are evident from the face of the record. Even if we were to infer, as urged by defendant, the existence of a plea bargain from the prosecution's dismissal of the remaining burglary charge, the terms of such unstated bargain still remain unknown and incapable of specific performance. Moreover, regardless of whether or not defendant pleaded guilty pursuant to a bargain, the requirement defendant be advised of the specific constitutional rights waived and the direct consequences resulting from his guilty plea remains unchanged. (*In re Sutherland* (1972) 6 Cal.3d 666, 671 [100 Cal.Rptr. 129, 493 P.2d 857]; *People* v. *Kirkpatrick* (1972) 7 Cal.3d 480, 483 [102 Cal.Rptr. 744, 498 P.2d 992].)

243]: Is it reasonably probable defendant might not have admitted the gun use allegation had he been advised such admission would legally preclude him from probation consideration? We find it is. Defendant not only requested probation, but also was a good candidate for probation. Further, during the change of plea hearing he admitted being armed at the time of the offense, but repeatedly denied "using" the gun. He only admitted the gun use allegation after the court indicated displaying a gun was sufficient use under section 1203.06.[7] Under the circumstances, it is reasonably probable that had defendant been advised admission of the gun use allegation would legally preclude him from probation consideration, he would have denied such use and allowed a jury to determine whether his display of the gun was sufficient "use" under section 1203.06. We find failure to advise defendant regarding the probation consequences of his gun use admission constituted prejudicial error.

The judgment of conviction regarding the gun use allegation is reversed. The case is remanded to the trial court with directions to allow defendant to withdraw his admission to the use of a gun in the commission of the robbery and to reinstate the original gun use allegation as permitted by law.

As we find defendant was properly advised of the consequences attendant to his guilty plea to the robbery offense, we do not set aside defendant's robbery conviction. Defendant may, however, move to withdraw his guilty plea to the robbery charge within 30 days of the finality of this opinion on the ground he would not have additionally pleaded guilty to the robbery offense had he been advised of the probation consequences of his gun use admission. If the court finds this is the case, it shall grant defendant's mo-

---

[7]Defendant carried a gun inside his waistband at the time of the robbery. He claimed he had not pointed the gun at his victim but only displayed the gun by opening his jacket. The following dialogue took place during defendant's change of plea:

"THE COURT: And with regard to the allegation contained in the information that you used a firearm during the commission of this offense, is that true or not true, sir?

"THE DEFENDANT: That keeps getting me confused because he keeps saying used. I don't feel like I used a gun. I had a gun on me; but I didn't use a gun on anybody.

"THE COURT: You are saying you didn't pull the trigger or didn't point it at anybody?

"THE DEFENDANT: Right.

"THE COURT: You had it with you, and you displayed it; is that correct, sir?

"THE DEFENDANT: That's correct.

"THE COURT: The court indicates to you that that's sufficient for a use under the section.

"THE DEFENDANT: All right.

"THE COURT: Is that what happened?

"THE DEFENDANT: Yes, that's correct.

"THE COURT: All right. And we will accept and enter those pleas and admission; and you concur in that, Mr. Scanlon?

"MR. SCANLON: Yes, sir."

tion. In that event, the prosecution shall be allowed, upon motion, to reinstate all the original charges against defendant, as permitted by law.

Crosby, J., and Sonenshine, J., concurred.