[No. A052177. First Dist., Div. Three. Feb. 26, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
COURTNEY J. CROSBY, Defendant and Appellant.

## COUNSEL

Paul R. Irish, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and George F. Hindall III, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MERRILL, Acting P. J.**—In this case we decide that in accepting a guilty plea to a felony the trial court is not required to advise the defendant that his conviction may result in an enhanced sentence for a future felony conviction.

### PROCEDURAL BACKGROUND

Appellant Courtney J. Crosby was charged by information with robbery (Pen. Code,[1] § 211). The information also alleged that Crosby had suffered two prior serious felony convictions within the meaning of section 667, rape (§ 261) and unlawful oral copulation (§ 288, subd. (a)). The prior convictions were the result of Crosby's guilty pleas to these offenses in an earlier proceeding.

Crosby pled not guilty to the robbery charge in the instant case and denied the allegations of prior felony convictions. He subsequently withdrew his plea, pled guilty to robbery, and admitted the prior felony convictions but reserved the right to challenge their constitutionality.

Thereafter Crosby moved to strike the prior felony convictions, which motion was denied. Crosby was sentenced to the lower term of two years for the robbery and an additional five years for one of the prior felony convictions. The court struck the remaining prior felony conviction on the ground that it was not a separate prior conviction for sentencing purposes.

### DISCUSSION

Crosby contends that the trial court erred in denying his motion to strike both prior felony convictions. He urges the convictions were unconstitutional as at the time he pled guilty, he was not advised they could be used in the future to enhance his sentence in the event of a subsequent conviction. We find no merit in his position.

In guilty plea cases the defendant must be advised of all direct consequences of conviction. (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d

[1]All further statutory references are to the Penal Code unless otherwise indicated.

592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086].) This requirement relates to the primary and direct consequences involved in the criminal case itself and not to secondary, indirect or collateral consequences. (*People* v. *Harty* (1985) 173 Cal.App.3d 493, 504 [219 Cal.Rptr. 85]; *People* v. *Searcie* (1974) 37 Cal.App.3d 204, 209-210 [112 Cal.Rptr. 267].) A collateral consequence is one which does not "inexorably follow" from a conviction of the offense involved in the plea. (*People* v. *Flores* (1974) 38 Cal.App.3d 484, 488 [113 Cal.Rptr. 272].)

■ Our courts have determined that while such consequences as the statutory range of punishment for the conviction, probation ineligibility and a required term of parole are direct consequences of a guilty plea (see *Bunnell* v. *Superior Court, supra*, 13 Cal.3d at p. 605, and *People* v. *Caban* (1983) 148 Cal.App.3d 706, 710-711 [196 Cal.Rptr. 177], and *In re Carabes* (1983) 144 Cal.App.3d 927, 932-933 [193 Cal.Rptr. 65]), the possibility of increased punishment in the event of a subsequent conviction is a collateral consequence. (*Carter* v. *Municipal Court* (1983) 149 Cal.App.3d 184, 190 [196 Cal.Rptr. 751]; *Hartman* v. *Municipal Court* (1973) 35 Cal.App.3d 891, 893 [111 Cal.Rptr. 126]; see also *People* v. *Lewis* (1987) 191 Cal.App.3d 1288, 1301 [237 Cal.Rptr. 64], and *Ganyo* v. *Municipal Court* (1978) 80 Cal.App.3d 522, 527, fn. 1 [145 Cal.Rptr. 636].)

In *Carter*, the Court of Appeal held a trial court was not required to advise a defendant pleading guilty to a misdemeanor offense that subsequent convictions of the same offense would result in increased penalties. "The increased minimum sentence that a defendant would receive for a later conviction of the same offense is an indirect or collateral consequence of the conviction. [Citations.] That is, the enhanced sentence will only apply if the defendant is convicted of a future offense. In these circumstances the enhanced sentence is not part of the pending case or a direct consequence of the defendant's underlying conviction." (*Carter* v. *Municipal Court, supra*, 149 Cal.App.3d at p. 190.)

Similarly, the court in *Ganyo* v. *Municipal Court, supra*, 80 Cal.App.3d at page 527, footnote 1, noted that the appellant could not successfully argue that a trial court must advise a defendant pleading guilty of the increased minimum sentence he would automatically receive for a later conviction "as that consequence does not 'inexorably follow from [a defendant's] conviction of a crime' [citation] and that consequence is secondary, indirect and collateral. (See *Hartman* v. *Municipal Court*[, *supra*,] 35 Cal.App.3d [at p.] 893.)" (*Ibid.*)

■ Turning to the case before us, in accepting Crosby's guilty plea to the felony charges in the earlier proceeding, the trial court had no duty to

advise him that in the event he committed a subsequent felony he would be subject to an enhanced punishment as a result of his plea. An enhanced sentence in a future prosecution for a yet uncommitted crime was clearly an indirect, collateral consequence of Crosby's guilty plea to the rape and oral copulation charges. The trial court should not be required even before imposing sentence for one crime to inform the defendant what the sentence may be for committing another crime. The trial court did not err in denying Crosby's motion to strike the prior convictions.

The judgment is affirmed.

Chin, J., and Werdegar, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 13, 1992.