**Jimmie OSBORNE, Petitioner–Appellant,**

v.

**Theo WHITE, Warden, Respondent–Appellee.**

No. 00–16828.

D.C. No. CV–96–03407–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2001.*

Decided July 12, 2001.

Before SCHROEDER, Chief Judge, LAY** and BOOCHEVER, Circuit Judges.

MEMORANDUM ***

I.

This is an appeal from the district

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed R.App. P. 34(a)(2).

\*\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

court's denial of habeas corpus relief under 28 U.S.C. § 2254. The petitioner, Jimmie Osborne, asserts a claim for ineffective assistance of counsel during the trial and appeal of his first degree burglary conviction in the California Superior Court and Court of Appeal. The California Supreme Court denied Osborne's petition for review.

The facts are not in dispute. At trial, a police officer testified that on June 7, 1991, he and his partner responded to a nighttime silent burglar alarm at a local residence. Upon arriving at the house, the officers observed a pried-open window and a person walking through the darkened hallways with a flashlight. They apprehended Osborne while he was climbing out of the pried-open window. The officers searched Osborne and discovered a screwdriver and some of the owner's jewelry in his pockets. The owner testified that Osborne had no right to be in the house or to take the jewelry.

In the jury's presence during voir dire, Osborne told the court that he was guilty of the underlying burglary charge but not the prior convictions upon which his sentence for burglary would be enhanced. Osborne ignored the court's repeated orders to remain silent and eventually was removed from the courtroom. The trial proceeded without Osborne, although the court made it clear that Osborne could return at any time, on the condition that he behave appropriately. Osborne declined to return.

Osborne was convicted of the burglary charge. Because the trial court found Osborne to have been convicted of three prior serious felonies, he was sentenced to state prison for twenty years.

The district court denied Osborne's petition but granted Osborne's request for a Certificate of Appealability for his claim of ineffective assistance of counsel.

## II.

The revisions to 28 U.S.C. §§ 2254 et seq., embodied in the Antiterrorism and Effective Death Penalty Act, apply to this case. The petition shall not be granted with respect to any claim that was adjudicated on the merits in the State court unless the state decision

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000 Supp.).

### A. Ineffective assistance of counsel at trial

■ To state a claim for ineffective assistance of counsel, a petitioner must show that his or her attorney's performance was deficient and that the deficiency prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In doing so, the petitioner must overcome the strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *See id.* Our inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. A difference of opinion as to trial tactics generally does not amount to ineffective assistance of counsel. *See United States v. Mayo,* 646 F.2d 369, 375 (9th Cir.1981).

Osborne claims his attorney was ineffective at trial in several respects. He asserts the attorney did not: (1) move for a bifurcated trial on the prior convictions; (2) question any of the jurors during voir dire; (3) make an opening statement or closing argument to the jury; (4) cross-examine any prosecution witnesses or call

any defense witnesses; (5) confer with Osborne regarding defense strategy; or (6) sufficiently explain the plea agreement to Osborne. Osborne's argument specifically emphasizes that trial counsel did not take the time to understand the strategy Osborne proposed in his own defense: to plead guilty to the burglary charge but contest the prior convictions. Osborne's proposed defense was premised on the idea that his prior convictions were invalid because in pleading guilty to them, he was not informed of the effect those convictions would have on him in future criminal prosecutions.

We find that Osborne's attorney adequately protected Osborne's rights at trial Before the trial began, Osborne's attorney successfully prevented the prosecutor from amending the information to allege an additional prior conviction. Additionally, the attorney successfully moved to strike the first prior conviction alleged in the information for lack of evidence. Although his role at trial was minimal, we find Osborne's attorney did participate in voir dire, objecting at least twice to the prosecutor's statements to the jury pool.

The defense attorney's performance at trial must be assessed in the context of the almost insurmountable evidence against Osborne. In addition to the testimony of the officer who apprehended him, Osborne essentially sealed his own conviction when he admitted in open court that he was guilty of the charge against him. Although he did not admit the truth of his prior convictions at trial, the prosecutor proved them with certified court records showing that Osborne had pleaded guilty to each offense.

Even if Osborne's proposed defense strategy were pursued at trial, it would have failed because Osborne was not entitled under state law to an explanation of the consequences for future criminal prosecutions when he entered his guilty pleas

on the prior convictions. As stated in *People v. Crosby,* 3 Cal.App.4th 1352, 1354–55, 5 Cal.Rptr.2d 159, 160 (1992), the requirement that the defendant be advised of all direct consequences of conviction upon entering a guilty plea, "relates to the primary and direct consequences involved in the criminal case itself and not to secondary, indirect or collateral consequences." Osborne's argument therefore fails because "the possibility of increased punishment in the event of a subsequent conviction is a collateral consequence." *Id.*

In light of the controlling law and the events that occurred at Osborne's trial, we AFFIRM the district court's denial of Osborne's petition for a writ of habeas corpus as it relates to his claim that he was denied effective assistance of trial counsel.

B. Ineffective assistance of trial at post-trial proceedings

■ Osborne further claims that he suffered ineffective assistance of counsel on appeal. According to Osborne, his counsel on direct appeal failed to raise the constitutional issues of ineffective assistance of trial counsel and violation of his due process rights, thereby preventing a significant probability that his conviction would be reversed. Instead, the attorney asked the California Court of Appeal, pursuant to *People v. Wende,* 25 Cal.3d 436, 158 Cal. Rptr. 839, 600 P.2d 1071 (Cal.1979), to review the trial transcript and determine whether any arguable issues were apparent to the court. Osborne's second appellate attorney submitted to the state court of appeal a petition for writ of habeas corpus based on the trial attorney's failure to seek bifurcation. Osborne believed the habeas corpus petition was defective because it did not cite *People v. Bracamonte,* 119 Cal.App.3d 644, 174 Cal.Rptr. 191 (1981).

■ Osborne has failed to establish that the performance of his first appellate

attorney was either deficient or prejudicial. *See Strickland,* 466 U.S. at 687. Osborne's appeal based on the actions of his second appellate attorney's actions is not properly before this court. The right to effective assistance of counsel only extends to the trial and state court appeal, not to state collateral proceedings or federal habeas corpus proceedings. *See Bonin v. Vasquez,* 999 F.2d 425, 430 (9th Cir.1993).

Accordingly, we AFFIRM the district court's denial of Osborne's petition for a writ of habeas corpus as it relates to his claim that he was denied effective assistance of appellate and habeas counsel.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument Fed R.App. P. 34(a)(2).

\*\* Honorable Donald C. Pogue, United States Court of International Trade Judge, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.