Filed 8/26/13  P. v. Hernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058214 |
| v. | (Super.Ct.No. RIF1202896) |
| AUGUSTINE HERNANDEZ, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.
Affirmed.

Patrick E. DuNah, under appointment by the Court of Appeal, for Defendant and
Appellant.

No appearance for Plaintiff and Respondent.

I.  INTRODUCTION

Pursuant to a plea agreement, defendant Augustine Hernandez was sentenced to

six years in prison after pleading guilty to unlawfully possessing methamphetamine with

1

a loaded, operable firearm (count 1) and possessing a firearm as a felon (count 2) and admitting he committed count 2 for the benefit of a criminal street gang and two prison priors. (Health & Saf. Code, § 11370.1; Pen. Code, §§ 29800, subd. (a), 186.22, subd. (b), 667.5, subd. (b).)[1] Additional charges and prison prior allegations were dismissed. Defendant appeals and his request for a certificate of probable cause was denied. (Pen. Code, § 1237.5.)

Defendant's counsel filed an opening brief raising no issues and asking this court to independently review the record and determine whether there are any arguable issues as required by *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Counsel notified defendant of these actions and further advised him of his right to file a supplemental brief raising any issues he wished to bring to this court's attention. Defendant has not filed a supplemental brief. We have reviewed the entire record and conclude there are no arguable issues.

## II. FACTS AND PROCEDURAL HISTORY

A. *The Preliminary Hearing Testimony*

The evidence presented at the preliminary hearing showed that on May 16, 2012, around 11:20 p.m., two uniformed Corona police officers were investigating recent drive-by shootings in the city when they contacted defendant. Defendant ran from the officers, refused their orders to stop, and slipped and fell. While on the ground, defendant refused to put his hands behind his back and follow the officers' directions. A loaded, operable

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

.38-caliber handgun was found in defendant's waistband and its serial number had been filed off. Defendant was handcuffed and placed under arrest. When asked why he had the gun, he said: "Those OC fools are trying to shoot me."

Defendant was a self-admitted member of a criminal street gang known as Corona Varrio Locos or CVL. The CVL were rivals with an Orange County gang and the recent drive-by shootings the officers were investigating had been committed against members of the Orange County gang. A gang expert opined that defendant's statement that "[t]hose OC fools" were trying to shoot him indicated he was carrying the gun for the benefit of the CVL. Additional evidence indicated defendant was an active participant in the CVL on May 16, 2012.

Defendant also appeared to be under the influence of a controlled substance at the time of his arrest. His pulse was elevated, his speech was mumbled, he had eyelid flutters and tremors, and he said he had been awake for three days. A methamphetamine pipe and two bindles of a substance resembling methamphetamine were found on the ground underneath defendant, and the substance later tested positive for a usable quantity of methamphetamine.

B. *The Amended Information*

In an amended information, defendant was charged with unlawfully possessing methamphetamine with a loaded, operable firearm (count 1), possessing a firearm as a felon (count 2), actively participating in a criminal street gang (count 3), being under the influence of a controlled substance while immediately possessing a loaded, operable

firearm (count 4), and removing identification markings from a firearm (count 5). The information also charged defendant with two misdemeanors—resisting arrest (count 6) and possessing drug paraphernalia (count 7). It was further alleged that defendant committed count 2 for the benefit of a criminal street gang and had five prison priors.

C. *The Suppression Motion*

After the preliminary hearing, defendant moved to suppress all evidence obtained as a result of the warrantless search of his person on May 16, 2012, including the handgun, methamphetamine, and methamphetamine pipe. (§ 1538.5.) The motion was denied. At the suppression hearing, the officer who searched defendant on May 16, 2012, testified he knew defendant was on parole at the time and had failed to register as a parolee. The trial court found the officer's testimony credible and denied the motion on this ground.

D. *The Plea Agreement*

After the suppression motion was denied, the parties entered into the plea agreement, memorialized in a felony plea form. In exchange for a six-year prison sentence and the dismissal of the other charges and allegations, defendant pled guilty to counts 1 and 2 and admitted the gang enhancement on count 2 and two of the alleged prison priors. On the plea form, defendant acknowledged he had reviewed the plea agreement with his attorney and had had adequate time to discuss with his attorney his constitutional rights and the consequences of his plea. On both the plea form and in court, defendant waived his constitutional rights and agreed he "did the things that are

4

stated in the charges [he was] admitting." The court found a factual basis for the plea based on defendant's admission, that the pleas and admissions were freely and voluntarily given, that the waiver of rights was knowing and intelligent, and that defendant understood the nature of the charges and the consequences of his plea.

E. *Sentencing*

At the time of sentencing, defendant indicated he wished to withdraw his plea, but after the court told him his prison sentence following trial exposure would be "in the teens" or higher than the agreed-upon six years, he changed his mind and indicated he wished to be sentenced immediately. He was then sentenced to six years in prison, consisting of the low term of two years on count 1, a concurrent two-year term (the midterm) on count 2, a consecutive two-year term on the gang enhancement on count 2, and two years for the two prison priors.

F. *The Notices of Appeal*

Defendant filed a handwritten notice of appeal stating: "I want to retrac[t] my plea . . . I was sentenced to 6 [years] with a strike! [F]or poss[ession] of a firearm [and] meth with a gang enhancement. [¶] I was alone and never committed a crime. I was in poss[ession] of the firearm w[h]ich is not [a] strikeable or violent offense[.] I would like to appeal my case to dismiss the gang enhancement . . . . [¶] My attorney never told me what I was pleading guilty to, all I was told was to sign! . . . I now come to find out is coer[c]ion, at the time of my incarceration [and] during my court appe[a]rances up until my sentencing. I was under duress and forced into accepting a sentence[.]"

5

Defendant's appellate counsel filed a second notice of appeal indicating the appeal was based on "the sentence or other matters not affecting the validity of the plea," as well as "the validity of the plea or admission." Regarding the latter, the court denied defendant's request for a certificate of probable cause. (§ 1237.5.)

## III.  ANALYSIS

In his handwritten notice of appeal, defendant claims his attorney did not advise him of the collateral consequences of his plea, namely, that by pleading guilty to possessing a firearm as a felon in count 2 (§ 29800) and admitting the gang allegation on count 2 (§ 186.22, subd. (b)(1)(A)) he was pleading guilty to a serious felony and strike offense (§ 667, subd. (a)(4) [serious felony for purposes of the "Three Strikes" law means serious felony listed in § 1192.7, subd. (c)]; § 1192.7, subd. (c)(28) [any felony offense constituting felony violation of section § 186.22 is serious felony].)

This claim is not cognizable on appeal. No certificate of probable cause was issued, and absent a certificate of probable cause a defendant may not challenge the validity of his plea. (*People v. Cole* (2001) 88 Cal.App.4th 850, 861-862) And, although a defendant is entitled to be advised of the primary or direct consequences of entering into a plea agreement, he is not required to be advised of its collateral consequences. (*People v. Crosby* (1992) 3 Cal.App.4th 1352, 1355.) "[T]he possibility of increased punishment in the event of a subsequent conviction is a collateral consequence." (*Ibid.*)

In his *Wende* brief, appellate counsel observes there is a "potential issue" whether defendant's "negotiated plea in exchange for a sentence of six years" is constitutionally

6

valid because it was not knowing and intelligent.  (*People v. Maultsby* (2012) 53 Cal.4th 296, 302 [issues concerning *constitutional* validity of guilty plea are cognizable on appeal, even absent certificate of probable cause].)

We discern no constitutional invalidity in the plea.  Defendant acknowledged he was waiving his constitutional rights to a jury trial, to representation by counsel, to confront witnesses and compel witnesses to testify, and against self-incrimination. (*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.)  He also acknowledged he had an opportunity to discuss the plea agreement with his attorney, and he was advised he faced a sentence "in the teens," rather than the negotiated six-year term on all of the charges and enhancements.

A second potential issue noted by appellate counsel concerns whether the two-year term imposed on the gang enhancement is an unauthorized sentence because it was imposed consecutive to the two-year term on count 1, but the base term on count 2, to which the enhancement attached, was imposed concurrent to count 1.  (See *People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1310 [enhancements attaching to underlying offense must be imposed consecutive to base term on underlying offense].)

This claim is not cognizable on appeal.  The six-year term was negotiated in the plea agreement, and defendant could have been sentenced to as much as 12 years in prison based solely on his plea and admissions.  In this context, a challenge to the court's authority to impose a consecutive term on the gang enhancement amounts to a challenge to the legality or validity plea which is not cognizable on appeal absent a certificate of

7

probable cause. (*People v. Cole, supra,* 88 Cal.App.4th at pp. 861-864 [when sentence challenged on appeal is part of plea bargain, it challenges the validity of plea, not the authority to impose the sentence, and is not cognizable on appeal absent certificate of probable cause]; *People v. Panizzon* (1996) 13 Cal.4th 68, 78.)

Lastly, we discern no abuse of discretion in the court's denial of the suppression motion. (*People v. Beuer* (2000) 77 Cal.App.4th 1433, 1436-1437 [no certificate of probable cause required to challenge validity of search or seizure on appeal]; § 1538.5, subd. (m).) The evidence presented on the suppression motion showed defendant was on parole when he was searched, and the officer who searched him knew he was on parole. (*People v. Reyes* (1998) 19 Cal.4th 743, 751-754 [warrantless search of parolee pursuant to properly imposed parole search condition does not require reasonable grounds to suspect parolee has violated law or possesses evidence of crime]; *People v. Sanders* (2003) 31 Cal.4th 318, 333 [rule that warrantless parole search may be reasonable despite absence of particularized suspicion does not apply if officer is unaware suspect is on parole and subject to search condition].)

## IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____
                                                          J.

We concur:

RAMIREZ _____
                    P. J.

CODRINGTON _____
                    J.