Filed 6/2/14  P. v. Hernandez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C070895 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F00610) |
| v. | |
| RICHARD JUAN HERNANDEZ, | |
| Defendant and Appellant. | |

Defendant Richard Juan Hernandez contends the trial court erred when it refused to allow him to withdraw his no contest plea.  Defendant claims a condition of mandatory supervision unknown by him prior to entering his plea that authorized the probation department to continue drug treatment for him following his release from custody was a direct consequence of his conviction and justified withdrawing his plea.  Defendant further argues the condition exceeded the court's jurisdiction to order specific conditions of mandatory supervision.  Defendant also claims he suffered ineffective assistance of

1

counsel when his attorney failed to object during the plea negotiations. We reject defendant's contentions, and, other than to order the trial court clerk to correct the court's order imposing the condition and to correct a mistake in the abstract of judgment, we affirm.

FACTS

By amended complaint, the prosecution charged defendant with felony vehicle theft, receiving a stolen vehicle, receiving a stolen license plate, and receiving stolen car keys. (Veh. Code, § 10851, subd. (a); Pen. Code, §§ 496d, subd. (a), 496, subd. (a).) The complaint alleged as to the vehicle theft count that defendant had four prior felony vehicle theft convictions, thereby enhancing his sentence pursuant to Penal Code section 666.5, subdivision (a). The complaint also alleged defendant had served five prior prison terms within the meaning of Penal Code section 667.5, subdivision (b).

Defendant agreed to settle his case by pleading no contest to the felony vehicle theft count and admitting the prior felony vehicle theft convictions, and by admitting the five prior prison terms. The sentence would be a split sentence consisting of a five-year term of custody in the county jail, and four years on mandatory supervision, calculated as follows: the upper term of four years on the vehicle theft conviction as enhanced by the prior convictions and an additional one year in custody on one of the prior prison terms. The other four prior prison terms, sentenced at one year each, would be completed on mandatory supervision. The complaint's remaining counts would be dismissed with a *Harvey* waiver.[1]

The trial court explained the consequences of the plea, and defendant waived all relevant constitutional rights. Defendant then entered his pleas and admissions consistent with the plea agreement. The court accepted the pleas and pronounced judgment.

---

[1]     *People v. Harvey* (1979) 25 Cal.3d 754.

The court desired to proceed to sentencing. Defense counsel did not object, but she asked to comment on some of the proposed specific conditions of mandatory supervision which she had just received and reviewed for the first time. One of the proposed conditions, condition No. 2, required defendant to participate in a drug rehabilitation program under the direction of his probation officer upon release from custody. Counsel stated she had asked the court to order defendant to participate in a drug rehabilitation program while *in* custody. She made the request so that when defendant was released from custody, he would have a better chance of remaining free. However, because the case was not related to drugs, she asked that all conditions regarding the use of drugs be deleted.

The prosecutor agreed there were no drug allegations in this case. However, he asked the court to keep in mind that if defendant needs and receives drug treatment while in custody, it probably would continue after he was released from custody.

The trial court said the case raised an interesting legal issue. The proposed sentence was a split sentence allowed under realignment, but the release from custody was not really a probation grant. In the court's opinion, it was more akin to a "parole scenario." Because of that, defendant was not required to accept parole conditions, but if he didn't, he would continue to serve his full sentence in custody. The court believed it could inform defendant he would be in custody for nine years if he was not willing to accept the proposed specific conditions of mandatory supervision.

Hearing this, defense counsel asked to put over sentencing until she could research the issue further. She also asked to set the case for trial. The court informed her it was too late for that; it had already found defendant guilty. Counsel complained she had not been able to review the proposed conditions prior to that moment, and they were not what she and defendant had agreed to earlier. The court asked defendant if he wanted to continue with his sentencing or did he "want the nine years today?"

3

Defense counsel objected and asked to put the matter over. Defendant waived time for sentencing and the matter was continued for a month.

When the hearing reconvened a month later, defendant asked to withdraw his plea. Defense counsel admitted she had not been able to file a written motion, and she asked that the hearing be continued again to give her time to file it. Defendant did not want to proceed with the offer.

The court stated the prosecution had agreed to strike other drug-related conditions, and what remained to be discussed was the condition requiring defendant to enter drug treatment upon release from custody. Defense counsel argued defendant would never have accepted that condition in the context of a split sentence had he known about it. She asserted a split sentence was different from probation or parole because a defendant cannot refuse a split sentence, and if defendant did not complete drug treatment while on release, he would be recommitted to serve the full term of his sentence. She argued the plea was not knowingly entered, as defendant did not know at the time he entered the plea he would spend another four years in custody unless he completed a drug program.

While in pretrial custody, defendant had been placed in administrative segregation because he had been classified as a gang member. Defense counsel stated she had requested defendant receive some programs so he could be removed from administrative segregation, not because they had anything to do with the facts of this case. While on administrative segregation, he is in his cell 23 hours a day and receives no programs. He would not have agreed to spend nine years in that condition. So he asked to be able to receive programs, which would allow him to transfer to a custodial facility that provided them. Counsel asserted the proposed condition requiring defendant to participate in a drug treatment program after being released from custody would require defendant to serve an additional four years in administrative segregation if he did not participate in a drug program upon his release. She stated that is not what the parties agreed.

4

The prosecutor reviewed for the court the negotiations regarding the plea. During negotiations, defense counsel informed him defendant "had a drug program -- would like to do a program . . . . [¶] Defense had asked for an in custody drug program to help him overcome his drug problem; therefore, have a better chance when he gets out of custody. I was in total agreement with that. When probation suggests he continues to have a drug program out of custody, it seems prudent to continue to give him help and mechanisms by which he could interrupt his cycle of crime." The prosecutor, however, did not take a position on the proposed condition.

Defense counsel objected to the prosecutor's description of the negotiations: "I did not state my client has a drug problem and needs help. I said he has had drug issues in the past." Defense counsel claimed that at no time did she state drugs have any nexus to this case.

The trial court believed the issue was whether the condition of drug treatment after release was of sufficient consequence to allow defendant to withdraw his plea. The court concluded it was not. The court stated: "Well, the issue again is whether there's legal cause [not] to go forward with sentencing at this point. Based upon the record, there is no issue about incompetence of counsel, no issue about failure to advise on constitutional rights.

"I mean, the issue really is the consequences of the plea. That's what it's all boiling down to, to -- whether [condition No. 2], the out of custody rehabilitation program, is a significant consequence of the plea to allow [defendant] to withdraw his plea. And I don't see it.

"To me, it seems like a collateral occurrence. I mean, this is all up to probation. It's going to happen, if it happens at all, in what, five years? And I don't see this as a direct consequence of the plea that rises to a level we'd have to go through the whole process of a motion to withdraw the plea. So the court will proceed with sentencing."

5

The court accepted the plea bargain. Over defendant's objection, it imposed a total sentence of nine years to be served in the county jail. It then agreed to impose the split sentence, ordering defendant to serve the last four years of the sentence on mandatory supervision.

Regarding the contested condition, the court stated: "Condition number two is the drug rehabilitation program. [¶] What that means is, after you serve your sentence, you're required to meet with probation within 48 hours of your release. Probation *may* order you to participate in a substance abuse program. This is going to be, you know, not five years, but with half time probably two and a half years down the road. [¶] So I'm not sure ultimately what will happen, but I'll indicate that probation has the authority to impose a substance abuse program after you get out of custody." (Italics added.)

The court also informed defendant of his obligation to perform the specific conditions of mandatory supervision. It stated: "[Defendant], we spent quite a bit of time going through your conditions, and I've talked about this with your attorney. I view this situation very similar to parole. Your attorney has a difference of opinion, but what that means is, this really isn't a choice. You're ordered to comply with these conditions. [¶] Again, I don't know what would happen, but there's a chance if you don't accept those conditions, you could remain in custody. It's probably a very good chance. So those are mandatory conditions under supervision."

Defense counsel again objected to the sentencing. She stated defendant had agreed to plead because he would be able to participate in a drug program while in custody. He had been classified as a gang member and housed in administrative segregation in the county jail, and thus was not able to participate in an in-custody drug program provided at another facility, a program called HALT (Housing for Accountable Living Transitions), provided at the Rio Cosumnes Correctional Center, unless the court ordered it. She thought that was the agreement, and defendant would not have pleaded had he known it was not.

6

The trial court then ordered defendant to participate in the HALT program. It stated: "So the bottom line, [defendant], I'm going to recommend -- I'm familiar with HALT, so I'll recommend you participate in HALT. It's at the Rio Cosumnes Correctional Center, or I'll order that you participate in that or any other in-custody substance abuse program. That's an order. I don't know -- but that will be the order in this case."

The court's minute order requires "defendant be able to participate in HALT Drug Program." The minute order and the written specific conditions of mandatory supervision also require defendant to "participate in a Drug Rehabilitation Program under the direction of the Probation Officer . . . ."

Defendant filed a timely notice of appeal, and the trial court granted his request for a certificate of probable cause.

DISCUSSION

I

*Denial of Request to Withdraw Plea*

Defendant contends the trial court abused its discretion when it denied his request to withdraw his no contest plea. He asserts his plea was not knowing, intelligent, and voluntary because the court did not advise him of the plea's direct consequences before he entered his plea; specifically, that under the specific conditions of mandatory supervision he would be required to participate in a drug treatment program after his release from custody. He claims this condition was a direct consequence of the plea because the condition could be interpreted to mean his probation officer could assign him to a custodial residential treatment program after he was released from custody in the county jail, thereby extending his custodial term beyond what was agreed.

We conclude the court did not abuse its discretion denying defendant's request to withdraw his plea because the drug treatment condition was not a direct consequence of the plea. Whether a plea may be withdrawn rests within the trial court's discretion, but

7

we will presume the motion to withdraw the plea was erroneously denied if the advisement at issue was a direct consequence of the plea.  (*People v. Moore* (1998) 69 Cal.App.4th 626, 629-630.)

" 'In all guilty plea and submission cases the defendant shall be advised of the direct consequences of conviction.' (*Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605.)  'This judicially mandated rule of criminal procedure encompasses only primary and direct consequences of a defendant's impending conviction as contrasted with secondary, indirect or collateral consequences.' (*People v. Robinson* (1988) 205 Cal.App.3d 280, 282.)  The advice requirement generally extends only to 'penal' consequences (*People v. Kunkel* (1985) 176 Cal.App.3d 46, 53; *People v. Myers* (1984) 157 Cal.App.3d 1162, 1168), which are 'involved in the criminal case itself' (*People v. Harty* (1985) 173 Cal.App.3d 493, 504).

"A consequence is deemed to be 'direct' it if has ' " 'a definite, immediate and largely automatic effect on the range of the defendant's punishment.' " ' (*Torrey v. Estelle* (9th Cir. 1988) 842 F.2d 234, 236.)  Such direct consequences include:  the permissible range of punishment provided by statute (*Bunnell v. Superior Court*, *supra*, 13 Cal.3d at p. 605); imposition of a restitution fine and restitution to the victim (*People v. Walker* (1991) 54 Cal.3d 1013, 1030 [overruled on another ground in *People v. Villalobos* (2012) 54 Cal.4th 179, 183]); probation ineligibility (*People v. Caban* (1983) 148 Cal.App.3d 706, 711); the maximum parole period following completion of the prison term (*In re Carabes* (1983) 144 Cal.App.3d 927, 932); registration requirements (*Bunnell v. Superior Court*, *supra*, 13 Cal.3d at p. 605); and revocation or suspension of the driving privilege (*People v. Dakin* (1988) 200 Cal.App.3d 1026, 1033).

"A consequence is considered 'collateral' if it 'does not "inexorably follow" from a conviction of the offense involved in the plea.' (*People v. Crosby* (1992) 3 Cal.App.4th 1352, 1355.)  Collateral consequences include:  the possibility of enhanced punishment in the event of a future conviction (*ibid.*); the possibility of probation revocation in another

case (*People v. Searcie* (1974) 37 Cal.App.3d 204, 211); and limitations on the ability to earn conduct and work credits while in prison (*People v. Cortez* (1997) 55 Cal.App.4th 426, 429-431 [overruled on another ground in *People v. Mendez* (1999) 19 Cal.4th 1084, 1097, fn. 7]; see also *People v. Reed* (1998) 62 Cal.App.4th 593, 597-601)." (*People v. Moore, supra,* 69 Cal.App.4th at p. 630.)

Another collateral consequence that is not required to be disclosed upon receipt of a plea is the possibility of the defendant being committed under the Sexually Violent Predator Act (Welf. & Inst. Code, § 6600 et seq.) when he concludes his incarceration. (*People v. Moore, supra*, 69 Cal.App.4th at pp. 630-631.) Such a possibility is collateral because the commitment would depend on additional findings not controlled by the defendant's plea and admissions in the criminal case. (*Id*. at p. 632.)

The condition imposed on defendant here is not a direct consequence of his plea. The possibility of being placed in a drug treatment program after custody is not a penal consequence of the criminal case. Like a commitment under the Sexually Violent Predator Act, defendant's placement will depend on additional findings made by his probation officer that have nothing to do with his plea of no contest to felony vehicle theft. Those findings will be made based upon defendant's success in completing the drug treatment program he asked to receive while he was in custody, which was expressly understood *not* to follow from his crime, but imposed at his and his counsel's request.

Defendant asserts the condition is direct because it requires treatment after release as part of his punishment and it could result in a custodial treatment. The court's oral pronouncement of the condition does neither. Postcustody treatment is not mandatory. The court stated whether defendant would receive postcustody treatment would be left to the probation officer's discretion. We recognize the minute order and printed specific conditions of mandatory supervision state the treatment is mandatory. The court's oral

pronouncement takes precedence (*People v. Smith* (1983) 33 Cal.3d 596, 599)**,** and we order necessary corrections in the written orders to reflect the court's true order.**2**

The treatment was also not part of defendant's punishment. Defense counsel admitted defendant "has had drug issues in the past," but she emphatically stated the in-custody treatment was not linked to the crime or its punishment. Rather, she sought it as a way either to give defendant a better chance at avoiding incarceration once he was released from custody, or to remove him from administrative segregation. The treatment thus was not part of the range of punishment provided by statute for defendant's crimes. (Cf. *People v. Zaidi* (2007) 147 Cal.App.4th 1470, 1485 [possibility of discretionary imposition by court of sex registration requirement as part of punishment was a direct consequence of a plea court had to relate to defendant].)

Furthermore, the court did not state the postcustody treatment would be a custodial or residential placement. It simply said the probation department may order him to participate in a substance abuse program. There is no indication the court mandated the treatment or intended it to be the functional equivalent of additional custody, as defendant contends.

The trial court thus did not abuse its discretion when it denied defendant's request to withdraw his plea. Because the postcustody treatment was not a direct consequence of defendant's plea, the court was not required to inform him of the condition prior to entering the plea.

---

**2**     In addition, the abstract of judgment incorrectly states the one-year sentence for a prior prison term is pursuant to Penal Code section 666.5, subdivision (a). We order it corrected to read Penal Code section 667.5, subdivision (b).

II

*Validity of Postcustody Treatment Condition*

Defendant argues the court exceeded its jurisdiction by imposing the postcustody treatment condition because it allows a probation officer to return him to a custodial setting without offering constitutional and statutory due process. As mentioned above, the trial court's order said nothing about defendant having to receive custodial treatment. Any potential violation of due process may be addressed if such ever occurs.

III

*Ineffective Assistance of Counsel*

Defendant contends his trial counsel rendered constitutionally ineffective assistance when she failed to object to the prosecutor's use of counsel's statements in the plea negotiations that defendant had a drug problem. He asserts the statement was inadmissible under Evidence Code section 1153 as evidence of an offer to plead guilty to a crime. He alleges had counsel objected to the prosecutor's use of her statement, the court would have stricken the statement and been left with no basis for imposing the drug treatment program condition of mandatory supervision. We disagree.

To establish ineffective assistance, defendant must show his trial counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability the result would have been different but for counsel's errors. (*Strickland v. Washington* (1984) 466 U.S. 668, 694 [80 L.Ed.2d 674, 698].) Defendant has not shown defective performance by counsel.

Any objection by defense counsel to the prosecutor's statements would not have been well received. Evidence Code section 1153 prohibits admitting in any action "[e]vidence of a plea of guilty, later withdrawn, or of an offer to plead guilty to the crime charged or to any other crime, made by the defendant in a criminal action . . . ." This statute did not apply here because the prosecutor's statements were not admitted as evidence, but rather were part of the bona fide plea negotiations the statute was designed

11

to protect. "Bona fide plea negotiations include statements made *to the trial court* and to the prosecuting attorney because those are the participants in a plea bargain. [Citation.]" (*People v. Magana* (1993) 17 Cal.App.4th 1371, 1377, italics added.) The prosecutor made his statements when the parties were negotiating the plea with the court. Defense counsel thus had no legitimate basis to object.

Moreover, it was defense counsel who first raised the issue of the drug treatment program at the hearing. She reminded the court that at the first hearing she had asked for defendant to receive drug treatment while in custody so he would have a better chance at success once he was released. At the second hearing, counsel stated she had sought drug treatment so defendant could be removed from administrative segregation. This presented conflicting reasons for the program. The prosecutor referred back to counsel's statements to him for the court's clarification as the negotiations progressed. Counsel had no basis to object to the prosecutor's remark during negotiations, and thus did not render ineffective assistance.

## DISPOSITION

The clerk of the trial court is ordered to prepare an amended minute order and an amended specific conditions of mandatory supervision that state defendant shall participate in a drug rehabilitation program upon release from custody at the discretion of the probation officer. The clerk is also directed to correct the abstract of judgment noting the one-year custodial enhancement is pursuant to Penal Code section 667.5, subdivision (b). In all other respects, the judgment is affirmed.

                                        _____NICHOLSON_____, J.

We concur:

_____RAYE_____, P. J.


_____DUARTE_____, J.

12