Filed 6/24/14  P. v. Aguilera CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | E059932 |
| Plaintiff and Respondent, | (Super.Ct.No. FVA03693) |
| v. | **ORDER MODIFYING OPINION** |
| GUSTAVO AGUILERA, | **[NO CHANGE IN JUDGMENT]** |
| Defendant and Appellant. | |

The opinion filed in this matter on June 5, 2014, is modified as follows:

On page 1, the first attorney listing should be changed to read as follows:

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Except for this modification, the opinion remains unchanged.  This modification does not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____
J.

We concur:


McKINSTER _____
        Acting P. J.


KING _____
        J.

2

Filed 6/5/14  P. v. Aguilera CA4/2 (unmodified version)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059932 |
| v. | (Super.Ct.No. FVA03693) |
| GUSTAVO AGUILERA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Respondent.

No appearance for Plaintiff and Respondent.

Gustavo Aguilera filed a petition for resentencing pursuant to Penal Code section

1

1170.126.[1]  The court denied the petition.  After defendant's counsel filed the notice of appeal, this court appointed counsel to represent defendant on appeal.[2]  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying four potentially arguable issues:  1) whether the denial of defendant's petition is appealable;[3] 2) whether appellant's 1985 forcible rape conviction disqualifies him from resentencing; 3) whether there was sufficient evidence in the record that the prior felony strikes were found true in the instant case; and 4) whether the appeal from the underlying judgment resulted in any modification affecting defendant's eligibility for resentencing.

We offered defendant the opportunity to file a personal supplemental brief, which he has done.  In his brief, defendant requests that we review the plea bargain in which

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  We note the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court.  (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [appealable].)  Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or writ of mandate.  (*Braziel v. Superior Court* (2014) 225 Cal.App.4th 933 [treating appeal from denial of petition for resentencing as a petition for writ of mandate]; see *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus].)  In any event, we will review the merits of defendant's appeal.

[3]  This issue is addressed in footnote 2 *ante*.

defendant admitted his prior strike convictions, contending he pled to only one count, and that he was not informed at the time that it would be a strike.[4] We affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY[5]

"A police officer stopped defendant for driving a car with expired registration tags. The officer arrested defendant when he was unable to find a record of a driver's license under the name that defendant had given. While searching defendant pursuant to the arrest, the officer found .24 grams of methamphetamine in defendant's pocket."

"A jury convicted defendant of one count of possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) The court found true allegations defendant had suffered two prior serious felony ["strike"] convictions under [former] section 667, subdivisions (b) through (i) . . . ." The strike allegations found true by the court involved defendant's prior convictions for forcible rape and robbery. In finding the allegations

---

[4] Defendant neither attached any records of his prior convictions in 1985, the subject of his prior strike conviction allegations, to his petition for resentencing nor has he produced any on appeal. The record in defendant's prior appeal of his judgment in the instant case does not contain any documents pertaining to his prior convictions. It does not appear defendant appealed the prior convictions. In any event, the records of any such appeal would have been destroyed by now. (Cal. Rules of Court, rule 10.128(d)(2) [Appellate records from criminal convictions destroyed after 20 years.])

[5] By order dated May 19, 2014, we took judicial notice of the following documents from our record in case No. E018001, the record from defendant's appeal from the original judgment in this case: Our opinion dated April 17, 1997; the minute order dated January 18, 1996, of defendant's bench trial on the prior conviction allegations; and pages 171 through 174 of the reporter's transcript from defendant's bench trial on the prior conviction allegations. Our recitation of the factual and procedural history is taken from these sources.

true, the court noted that it had not only considered the certified copy of the abstract of judgment of defendant's convictions, the prison packet, and defendant's plea form,[6] but had taken "into account the evidence taken at the trial before the jury wherein [] defendant admitted on direct examination that he had suffered these convictions."

The trial court denied defendant's pretrial motion to strike the prior strike convictions finding "'they are recent, they are violent, and they are serious. [C]ounsel have also indicated to the Court that there is a separate ex-felon with a gun conviction that is not currently alleged, but [] [d]efendant has, in fact, suffered that conviction.'" The court denied defendant's postconviction motion to strike the prior strike convictions finding defendant had "an intervening conviction" for possession of a gun by a felon. The court sentenced defendant to an indeterminate term of incarceration of 25 years to life.

Defendant appealed his conviction contending the trial court abused its discretion by denying his motions to strike his prior strike convictions and that his sentence violated federal and state prohibitions against cruel and/or unusual punishment. We affirmed the judgment without modification.

## DISCUSSION

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues. (§§ 1170.126, subd. (e)(3); 667, subd.

---

[6] These documents are not contained in the record for case No. E018001.

4

(e)(2)(C)(iv)(I); Welf. & Inst. Code, § 6600, subd. (b) [defendant ineligible for section 1170.126 resentencing where he has sustained a prior conviction for forcible rape]; *In re Yurko* (1974) 10 Cal.3d 857, 863 [A defendant's admission of the truth of a prior conviction is sufficient evidence to support the prior conviction allegation.]; *People v. Crosby* (1992) 3 Cal.App.4th 1352, 1355-1356 [Trial court has no duty to advise a defendant that a plea may subject a defendant to enhanced punishment in the event he commits a subsequent offense as such an enhancement is an indirect, collateral consequence of the plea.].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON _____
J.

We concur:

McKINSTER _____
Acting P. J.

KING _____
J.