[No. F010049. Fifth Dist. Feb. 14, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ROGELIO SAUCEDA VENTO, Defendant and Appellant.

COUNSEL

William A. Romaine, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, W. Scott Thorpe and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—Rogelio Sauceda Vento was charged with, and pled guilty to, one count of selling cocaine and marijuana (Health & Saf. Code, § 11352), one count of selling cocaine (Health & Saf. Code, § 11352), and two counts of soliciting or using a minor to violate Health and Safety Code section 11352 (Health & Saf. Code, § 11380, subd. (a)). Probation was denied and Vento was sentenced to five years in prison. ▮▮▮▮ He

---

* Before Hamlin, Acting P. J., Stone (W. A.), J., and Baxter, J.

now contends that his plea was improperly induced by the trial court's comments regarding sentencing.[1] We affirm.

 On November 30, 1987, discussions were held in chambers between the prosecutor, defense counsel, and the trial court, regarding a disposition in the instant matter. As a result of the information conveyed to him by defense counsel, Vento agreed to plead guilty as charged. During the change of plea proceedings, Vento was advised by the trial court of the maximum sentence he faced. The trial court then stated, "Now, I indicated to your attorney that should you plead guilty or be found guilty that I would not rule out the possibility of probation and local sentencing in your case. By the same token, I would not rule out the possibility of a state prison commitment; do you understand that?" Vento stated that he did and proceeded to waive his constitutional rights and plead guilty. He indicated that he had not been promised anything in exchange for his plea other than what was stated in court, and that he was pleading guilty because he was in fact guilty.

Vento contends that the trial court's comments regarding the possibility of probation were misleading, since in fact probation could only be granted in an unusual case where the interests of justice would best be served thereby, pursuant to Penal Code section 1203.073, subdivision (b)(4).[2] Based on *People* v. *Spears* (1984) 153 Cal.App.3d 79 [199 Cal.Rptr. 922], he concludes that he is entitled to a reversal of the judgment and an opportunity to withdraw his plea. We disagree.

---

[1] We deem it appropriate to reach the merits of Vento's appeal (see *People* v. *Hill* (1974) 12 Cal.3d 731, 766 [117 Cal.Rptr. 393, 528 P.2d 1], overruled on other grounds in *People* v. *De-Vaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872], fn. 5) despite the fact that he did not obtain a certificate of probable cause, as required by Penal Code section 1237.5, until more than 60 days after the rendition of judgment in violation of California Rules of Court, rule 31(d) (cf. *People* v. *DeVaughn, supra,* 18 Cal.3d at p. 896 [compliance with Pen. Code, § 1237.5 required to raise claim that plea improperly induced, since such claim challenges legality of proceedings resulting in plea]). A strong policy favors the disposition of appeals on their merits rather than dismissal for a technical defect. (*People* v. *Wagoner* (1979) 89 Cal.App.3d 605, 610 [152 Cal.Rptr. 639].) Here, the appellate record was certified, which constituted an implied acknowledgement of probable cause for the appeal. (*People* v. *Coley* (1968) 257 Cal.App.2d 787, 793 [65 Cal.Rptr. 559], disapproved on other grounds in *People* v. *Delles* (1968) 69 Cal.2d 906, 910 [73 Cal.Rptr. 389, 447 P.2d 629].) Also, we are reluctant to penalize Vento for what appears to be trial counsel's failure to conform to the applicable time limits.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

The probation officer's report (RPO) makes reference to the statutory limitations on a grant of probation, but erroneously cites section 1203.07, subdivision (a)(8). That section renders ineligible for probation any person convicted of using a minor as an agent in the sale of certain controlled substances, in violation of Health and Safety Code section 11380. Neither cocaine, as specified in Health and Safety Code section 11055, subdivision (b)(6), nor marijuana, as specified in Health and Safety Code section 11054, subdivision (d)(13), is covered by section 1203.07.

In *Spears,* this court considered a situation in which, although probation was a disfavored option falling in the "unusual case" category, the defendants were not so advised at the time they entered their pleas. The trial court, in summarizing off-the-record discussions, indicated that no promises were being made regarding sentencing, but that a "good likelihood" existed that one defendant would receive local incarceration and the work furlough program. (153 Cal.App.3d at p. 83.) During the taking of their pleas, both defendants acknowledged that no promises had been made. They were informed of the maximum possible sentence "if worst came." (*Ibid.*) When the true picture became known prior to sentencing, both defendants moved to withdraw their pleas. The motions were denied.

We determined that the trial court's rulings on the motions constituted an abuse of discretion, since "the plea bargain climate was one of real anticipation on the part of the defendants and counsel, if not the court, that probation was likely." (153 Cal.App.3d at p. 84.) Since the defendants were not told that probation was in fact a disfavored option, the trial court's advice about the likelihood of probation was misleading. We concluded: "We do not decide whether in the absence of any mention of probation as a viable alternative, the court *must* advise a defendant the plea invokes a strong statutory presumption against probation.[3] Instead, we limit ourselves to these facts and the need to advise a defendant that probation is disfavored when the plea and admissions make it so, *and* the defendant, counsel, and the court appear to consider probation 'likely.' In that situation, to avoid having to grant a subsequent motion to withdraw the plea, the court must disclose the full consequences of such a plea; it shall not consider advice of the maximum punishment permitted by law to be sufficient. [Citation.]" (*Id.* at p. 87.)

In the instant case, Vento was not informed at the time he entered his plea that probation would be statutorily disfavored. However, contrary to the situation which existed in *Spears,* the record does not show a climate of "real anticipation" that probation was likely. Instead, the trial court simply indicated that it was ruling out none of its sentencing options. Moreover, unlike the defendants in *Spears,* at no time did Vento move to withdraw his plea. Instead, the argument at the time of sentencing centered around whether the probation officer's conclusion that an unusual case existed, was correct. (Contrast *People* v. *Spears, supra,* 153 Cal.App.3d 79; *In re Carabes* (1983) 144 Cal.App.3d 927, 933 [193 Cal.Rptr. 65].) There is no indication at the time of sentencing that Vento was surprised by the statutory limitation on probation or that he felt the plea bargain was being

---

[3] A defendant must, of course, be advised of any admission which *prevents* consideration of probation. (*People* v. *Spears, supra,* 153 Cal.App.3d at p. 87; *People* v. *Caban* (1983) 148 Cal.App.3d 706, 711 [196 Cal.Rptr. 177].)

breached either in letter or in spirit. Given these circumstances, his argument that his plea was improperly induced, must fail.

The judgment is affirmed.

Appellant's petition for review by the Supreme Court was denied May 3, 1989.