Filed 4/20/16  P. v. Sloyer CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063100 |
| v. | (Super.Ct.No. FWV1404005) |
| DESIREE MICHELLE SLOYER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Daniel R. McCarthy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Desiree Michelle Sloyer pled guilty to felony bringing a weapon into jail (Pen. Code, § 4574, subd. (a)).[1]  In return, defendant was placed on formal probation for a period of 36 months on various terms and conditions, including serving 180 days in county jail.  Defendant subsequently moved to withdraw her guilty plea.  The trial court denied defendant's motion and defendant appealed.  Defendant's sole contention on appeal is that the trial court abused its discretion in denying her motion to withdraw her guilty plea.  We find no abuse and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On July 3, 2014, defendant arrived at the West Valley Detention Center to visit an inmate.  Prior to checking in for the visit, defendant secured all of her property in a locker located in the waiting area.  When the deputies asked defendant if she had anything illegal in her purse, defendant gave the deputies permission to search it.  After defendant opened the locker, deputies observed two Wal-Mart bags full of property next to a black purse and defendant crouching down placing her body between the deputies and the locker in an attempt to hide her movements inside the locker.  The deputies stepped to the side and observed defendant reaching for an outer pocket of her purse with her left hand, while removing the bags with her right hand.  The deputies ordered defendant to leave the

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  The factual background is taken from the probation officer's report.

2

purse and bags where they were and to step back into the office. The deputies then removed the purse and bags from the locker and took them to the office.

The deputies placed the items on a desk and asked defendant if there was anything in the purse that could poke or stick them. Defendant responded, " 'No.' " While searching the purse and reaching into a pocket of the purse, the deputies felt a sharp pain in their finger and quickly removed their hands. Defendant immediately said, " 'Oh, my blade.' " The deputies then removed a two-inch razor blade from the pocket.

On September 23, 2014, a felony complaint was filed charging defendant with bringing a weapon into a jail (§ 4574, subd. (a)).

On October 6, 2014, defendant failed to appear and the trial court issued a warrant for her arrest.

On October 30, 2014, defendant pled guilty to the charge in exchange for three years of formal probation on various terms and conditions, including serving 180 days in county jail. As part of the plea, defendant also agreed to be released on a *Cruz*[3] waiver. During the plea hearing, defendant responded in the negative when the trial court asked defendant whether she had been threatened to change her mind and plead guilty. In addition, she responded in the affirmative when the court questioned her whether she was pleading freely and voluntarily and whether she had sufficient time to discuss her case, the nature of the charges, the consequences of her plea, and any possible defenses with her attorney. Defendant acknowledged that she understood her statutory and

---

[3] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254 (*Cruz*).

3

constitutional rights and that she was waiving those rights. When the court asked defendant whether she had any questions about the proceedings, defendant responded, "No, your Honor." Defendant's counsel joined in acknowledging that defendant had been advised of and understood the rights she was waiving by pleading guilty, but refused to join in the plea. The trial court found that defendant freely, voluntarily, intelligently, and knowingly waived her rights and that there was a factual basis for the plea. Defendant was subsequently released on the *Cruz* waiver in return for her promise, among other things, to not commit other crimes and return for resentencing on December 2, 2014, or face a maximum term sentence.

On December 2, 2014, defendant requested and was granted a continuance to January 5, 2015.

On January 5, 2015, the matter was continued to January 9, 2015, so that defendant's first attorney could be present because defendant had requested that she wanted to withdraw her guilty plea.

On January 9, 2015, when defendant's attorney asked her if she wished to withdraw her plea, defendant responded, "No, your Honor." The court thereafter proceeded to sentence defendant in accordance with the plea agreement. Defendant was placed on formal probation for a period of three years on various terms and conditions, including serving 180 days in county jail with a credit of 12 days for time served. Defendant accepted the terms and conditions of her probation, and inquired whether she

was eligible for an early release. The trial court explained that decision would be for the sheriff's facility to determine.

While serving her jail sentence, on February 18, 2015, defendant requested to withdraw her plea.

A hearing on defendant's request to withdraw her plea was held on March 6, 2015. At that time, the trial court informed defendant that her attorney had never forced her or coerced her in pleading guilty; that her attorney had in fact not joined in the plea but only in the waivers of rights; and that defendant had gone forward with the plea on her own. Defendant acknowledged that her attorney had not coerced her to plead guilty but explained that when she came in on October 30, 2014, to take care of her arrest warrant, she was unexpectedly placed into custody and that she had only agreed to plead guilty that day so she could be released from custody to take care of her children.[4] The trial court noted that between October 30, 2014 and January 9, 2015, defendant was not in physical custody and did not withdraw her plea during that time, even though she had every opportunity to do so. The court further noted that there was no coercion or pressure made by either the court or defense counsel and that defendant had made her own decision for her own reasons. The court also stated that it had reviewed the police reports in the case; that there was a factual basis for the plea; that the court was "very fair and lenient" with defendant; and that defendant had plenty of time to discuss the plea

---

[4] The probation report indicates that defendant has two teenaged sons, ages 15 and 17, and that she resides with her father and two teenaged sons in Riverside.

with her attorney. The court found no basis to allow defendant to withdraw her plea and denied defendant's motion.

## II

## DISCUSSION

Defendant argues that the trial court abused its discretion in denying her motion to withdraw her guilty plea, claiming she had only pled guilty so she could be released from custody on a *Cruz* waiver and make arrangements for child care. She believes that her need to arrange child care constituted duress in making her decide to plead guilty. We disagree.

"On application of the defendant at any time before judgment or within six months after an order granting probation is made if entry of judgment is suspended, the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice." (§ 1018.) Mistake, ignorance, fraud, duress, inadvertence, or any other factor overcoming the exercise of free judgment is good cause, but must be shown by clear and convincing evidence. (*People v. Cruz* (1974) 12 Cal.3d 562, 566; *People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.) "A plea may not be withdrawn simply because the defendant has changed his mind." (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) Even "[t]he fact [a defendant] may have been persuaded, or was reluctant, to accept the plea is not sufficient to warrant the plea being withdrawn. [Citation.] 'Guilty pleas resulting from a bargain should not be set aside lightly and

6

finality of proceedings should be encouraged.' " (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919.)

The granting or denial of a motion to withdraw a guilty plea rests in the sound discretion of the trial court and its decision will not be disturbed on appeal unless an abuse of that discretion is clearly shown. (*People v. Weaver* (2004) 118 Cal.App.4th 131, 146.) A defendant must clearly demonstrate the trial court's decision was arbitrary, unreasonable or not supported by the facts. (*People v. Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796-797.) When assessing whether the trial court abused its discretion, we must adopt the trial court's factual findings if supported by substantial evidence. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) When conflicting inferences may be drawn from the evidence, we must adopt the inference supporting the challenged order. (*People v. Hunt* (1985) 174 Cal.App.3d 95, 104.)

The trial court did not abuse its discretion here. Defendant claims that she accepted the plea offer because she was unexpectedly placed in custody on October 30, 2014, following the warrant for her arrest, and desired to be released from custody so she could arrange for child care. However, the record shows defendant's children were two teenaged boys, ages 17 and 15, who lived with her father. There is no evidence in the record to support defendant's position that she entered into the plea involuntarily and unknowingly because she needed to arrange for child care. Defendant also did not provide any corroborating evidence to support her position.

7

Moreover, although defendant may have been stressed by the need to arrange child care for her sons, such concerns do not necessarily mean that she could not and did not knowingly and voluntarily decide to enter her plea. Before her plea was accepted, defendant acknowledged that she was freely doing so both in the waiver form that she executed and orally to the court. Defendant pled guilty after properly being advised of her statutory and constitutional rights, after acknowledging understanding those rights, and after waiving those rights. Defendant said nothing to indicate, nor showed any sign, that her extraneous concerns were affecting her ability to think clearly and to knowingly enter a plea. At that time, neither she nor her attorney gave the court any indication that defendant's mental condition rendered her unable to understand and freely choose between the alternatives with which she was faced.

"Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against [her] and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted. Considerations like these frequently present imponderable questions for which there are no certain answers; judgments may be made that in the light of later events seem improvident, although they were perfectly sensible at the time. The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering [her] decision." (*Brady v. United States* (1970) 397 U.S. 742, 756-757.)

8

Defendant has not shown good cause to allow withdrawal of her guilty plea. While section 1018 is to be liberally construed and a plea of guilty may be withdrawn for mistake, ignorance, inadvertence or any other factor overreaching defendant's free and clear judgment, defendant has not established by clear and convincing evidence the facts upon which such ground for withdrawal exist. (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496.) "The burden is on the defendant to present clear and convincing evidence the ends of justice would be subserved by permitting a change of plea to not guilty. [Citation.]" (*Ibid.*)

Indeed, courts have rejected as good cause such claims as psychological pressure from counsel, including bad tactical advice (*People v. Urfer* (1979) 94 Cal.App.3d 887, 892); unforeseen changes in circumstances that make the plea bargain less attractive to the defendant (*People v. Powers* (1984) 151 Cal.App.3d 905, 917); mistaken expectations of a lenient sentence, even if a result of good faith, but wrong, advice from counsel (*People v. Fratianno* (1970) 6 Cal.App.3d 211, 221-222, and cases cited therein) or even if it is the result of a good faith reliance upon nonbinding, nonmisleading remarks of the court or prosecutor (*People v. Spears* (1984) 153 Cal.App.3d 79, 87-88; *People v. Vento* (1989) 208 Cal.App.3d 876, 879-880); and a mistaken belief in the strength of the People's case (*People v. Watts* (1977) 67 Cal.App.3d 173, 181-183).

The record before us affirmatively shows defendant was fully and completely advised of her constitutional rights and of the consequences of her plea, that she understood those rights and consequences, and that she knowingly and intelligently

9

waived those rights and entered her plea with a full and clear appreciation of the consequences. We find that the trial court's ruling did not exceed "the bounds of reason, all of the circumstances being considered." (*People v. Giminez* (1975) 14 Cal.3d 68, 72.) The trial court did not abuse its discretion in finding that defendant's circumstances did not rise to the level of the good cause that is required to withdraw a guilty plea.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


CODRINGTON
J.


SLOUGH
J.