Filed 4/29/25  P. v. Hale CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JASON EZRA MONROE HALE,<br><br>        Defendant and Appellant. | C100674<br><br>(Super. Ct. No. 22CR001485) |

Defendant Jason Ezra Monroe Hale pleaded guilty to injuring a spouse and admitted a special allegation that he inflicted great bodily injury.  Consistent with the plea agreement, the trial court sentenced him to an aggregate seven years in state prison.

On appeal, defendant contends (1) reversal is required because the trial court did not advise him of his presumptive ineligibility for probation when it accepted his guilty plea, (2) his counsel was ineffective in failing to seek an opportunity for defendant to withdraw his plea and in failing to notify the trial court of the details of the plea agreement, and (3) the abstract of judgment must be corrected.[1]

We will affirm the judgment and direct that the abstract of judgment be corrected.

_____

[1]  This case has been granted calendar preference.

1

BACKGROUND

The background is taken from the preliminary hearing transcript. The victim told a responding sheriff's deputy that defendant had assaulted her over the course of several hours. After an argument the victim went to sleep, but defendant woke her up. Defendant touched her breasts and tried to force her legs apart, but the victim resisted and told him no.

Defendant continued the assault and became more aggressive, putting the victim's neck in the crook of his arm. They fell off the bed and the victim lost consciousness. When she regained consciousness, she went to the bathroom but defendant followed her. He continued assaulting her in the bathroom and then on the bed. The victim suffered bruising, hemorrhaging in her eyes, and traumatic brain injury.

An information alleged assault with intent to commit a felony (Pen. Code, § 220, subd. (a)(1)[2] – count I), with a special allegation that defendant personally inflicted great bodily injury (§ 12022.7, subd. (e)); injuring a spouse (§ 273.5, subd. (a) – count II), with a special allegation defendant inflicted great bodily injury (§ 12022.7, subd. (e)); battery with serious bodily injury (§ 243, subd. (d) – count III); and misdemeanor sexual battery (§ 243.4, subd. (e)(1) – count IV).

Defendant signed a written plea form in which he agreed to plead guilty to the count II charge of injuring a spouse, and to admit the special allegation that he inflicted great bodily injury, in exchange for dismissal of the remaining charges and a seven-year maximum sentence. Two paragraphs were crossed out on the signed plea form. The first crossed-out paragraph would have stated that defendant was not eligible for probation, and the second would have stated that he would not be granted probation unless the trial court found at the time of sentencing that this was an unusual case in which the interests of justice would be served by granting probation. The striking of those paragraphs was

---

[2] Undesignated statutory references are to the Penal Code.

not discussed during the plea hearing or at sentencing. The remaining portion of that section of the plea form stated: "I understand the maximum and minimum sentence for the charges and allegations stated on page 1. No one has made any other promises to me about what sentence the court may order." Page one identified a sentencing range of five to nine years in state prison, but the plea form indicated the parties were agreeing to an open plea with a seven-year lid.

At his plea hearing, the trial court asked defendant: "Other than what's on the plea form or what we talked about in court, has anyone offered or promised you anything or done anything to force you to enter the plea?" Defendant responded, "No, your honor."

Nevertheless, the probation report stated that defendant was presumptively ineligible for probation due to his plea to inflicting great bodily injury on the victim. Probation recommended a prison sentence.

After receiving the probation report, defense counsel asked the trial court to send the matter back to probation for reconsideration of defendant's eligibility for probation. The trial court granted the request. The trial court and the People did not make any statement regarding defendant's eligibility for probation.

In a supplemental filing, the probation department stated: "Pursuant to Penal Code Section 1203(e)(3), probation shall not be granted to any person who willfully inflicted great bodily injury or torture in the perpetration of the crime of which he has been convicted. [¶] . . . There are no unusual factors overcoming the presumption of probation ineligibility." The probation report added, however, that if the trial court was inclined to find an unusual circumstance and to grant probation, the probation department would alternatively recommend probation for four years with a suspended prison sentence.

At the sentencing hearing, defense counsel did not claim the probation department was wrong in asserting that defendant was presumptively ineligible for probation, and counsel did not move to withdraw defendant's plea. Defense counsel argued that the trial

3

court should grant probation because, among other things, it was defendant's first felony, there were no broken bones, it was an isolated incident that arose from the stress of a pending divorce, and defendant was employed. The trial court responded: "The Court has read and reviewed all of the pleadings in this case and has considered those. The Defendant is ineligible for probation pursuant to [section 1203, subdivision (e)(3)], in other words, presumed state prison unless there's an unusual -- unless there's an unusual case in which the interest of justice would be served. [¶] In Defendant's favor, he does not have any prior felonies. His prior misdemeanors were from 1995 and 1996 . . . . The Defendant's conduct, however, was egregious. The Defendant strangled the victim and attempted to sexually assault the victim. The Defendant lied to the police in making his denials initially. He knocked the victim unconscious. The crime consisted of basically two separate waves of violence towards the victim. In [regard] to the strangulation, I believe that's when the statement was made [by defendant] to probation that it was blown out of proportion. In other words, [it] does show also a lack of responsibility. The Court did not see the need for more shown. [¶] The victim was in bed asleep initially when the Defendant assaulted her. The victim indicated she's in constant pain. The aggravated circumstances and other circumstances considered by the Court was [*sic*] that the victim was vulnerable and was asleep in bed. I can't think of any more vulnerable position than that. The Defendant obviously took advantage of a position of trust being in the victim's bedroom, being in a relationship, a marital relationship, was definitely a position of trust that he took advantage of. The victim became unconscious during the assault. [¶] The Court believes the aggravating factors outweigh those in mitigation based on the facts of the case[,] however the People and the defense entered into a stipulation of a lid of seven years. In other words, the Defendant could not be sentenced to anything greater than the midterm. The Court believes that in this case, one, probation is not appropriate based on the nature of the offense, how this offense took place, the factors that I listed, and the fact that it's not an unusual case

4

pursuant to 1203(e)(3). The Court finds the aggravating [and] mitigating factors weigh against each other. [¶] We'll sentence the Defendant to the midterm of three years for Count II, 273.5, and the midterm of special allegation, which is plus four years, for a total of seven years."

Defendant obtained a certificate of probable cause.

DISCUSSION

I

Defendant contends reversal is required because the trial court did not advise him of his presumptive ineligibility for probation when it accepted his guilty plea.

In support of this contention, defendant relies on *People v. Spears* (1984) 153 Cal.App.3d 79, 87 (*Spears*). There, during plea negotiations, the trial court indicated to the defendants that there was a "good likelihood" they would be placed on probation when sentenced. (*Id.* at p. 83.) There was real anticipation on the part of the defendants and counsel that probation was likely. (*Id*. at p. 84.) However, the defendants pleaded to charges that would make probation "statutorily disfavored and therefore less than probable." (*Id*. at p. 87.) The trial court ultimately denied probation and denied the defendants' motions to withdraw their pleas. (*Id.* at p. 84.)

On appeal, the court in *Spears* noted that the trial court had referenced probation without giving defendants the slightest hint that there were statutory hurdles. (*Spears*, *supra*, 153 Cal.App.3d at p. 87.) Defendants had been permitted to believe probation was likely. (*Ibid.*) Under those circumstances, the appellate court reversed the trial court's denial of the motions to withdraw the pleas. (*Id.* at pp. 87–88.)

But different circumstances and a different result occurred in *People v. Vento* (1989) 208 Cal.App.3d 876 (*Vento*). During that plea hearing, the trial court indicated that although it would not rule out the possibility of probation, it also would not rule out the possibility of a state prison commitment. (*Id.* at p. 878.) The trial court ultimately sentenced defendant to five years in state prison. (*Id.* at p. 877.) On appeal, the

5

defendant argued the trial court's expression of willingness to consider probation was misleading because "in fact probation could only be granted in an unusual case where the interests of justice would best be served." (*Id.* at p. 878.)

The defendant in *Vento*, like the defendants in *Spears*, had not been told at the time of the plea that probation was statutorily disfavored. (*Vento, supra*, 208 Cal.App.3d at p. 879.) But unlike in *Spears*, the circumstances in *Vento* did not show real anticipation that probation was likely. (*Ibid.*) The trial court in *Vento* merely declined to rule out any of its sentencing options. (*Ibid.*) Further, the defendant did not move to withdraw his plea, and the discussion at sentencing focused on whether the probation officer's conclusion that his was not an unusual case was correct. (*Id.* at p. 879.) "There [was] no indication at the time of sentencing that [the defendant] was surprised by the statutory limitation on probation or that he felt the plea bargain was being breached either in letter or in spirit." (*Id.* at pp. 879-880.) Based on the totality of the circumstances, the appellate court rejected the defendant's argument that his plea had been improperly induced, and it affirmed the judgment. (*Id.* at p. 880.)

Here, probation was statutorily disfavored because defendant admitted the great bodily injury enhancement allegation. (§ 1203, subd. (e)(3).) But unlike in *Spears*, this record does not demonstrate that defendant was misled into believing probation was likely or that the parties had "real anticipation" that probation was likely. At the plea colloquy, there was no verbal mention of probation. Although the plea form had probation ineligibility language crossed out, that merely left sentencing options open, like in *Vento*. It did not create a likelihood of probation. Defendant agreed to a seven-year lid and he affirmatively represented on the record that he had received no promises other than what was in the plea agreement and what was discussed at the plea hearing.

At a subsequent hearing, defense counsel asked that the matter be referred back to the probation department because counsel believed this was an unusual case. But the trial

6

court did not indicate any agreement with defense counsel's belief, and neither did the People.

During sentencing, defense counsel did not assert that the probation department was wrong about presumptive ineligibility, that defendant had been surprised or misled, or that defendant should be allowed to withdraw his guilty plea. Rather, counsel argued the circumstances were unusual and the trial court should order probation. The trial court declined to do so and explained its reasoning.

The record does not show that defendant was misled, or misunderstood, the potential for probation. Like in *Vento*, the fact he was not advised of his presumptive ineligibility for probation at the plea hearing did not result in reversible error.

## II

Defendant next contends his counsel was ineffective in failing to seek an opportunity for defendant to withdraw his plea and in failing to notify the trial court that certain paragraphs in the plea agreement had been crossed out.

In order to establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. (*In re Tellez* (2024) 17 Cal.5th 77, 88.) Defendant has not made such a showing.

As we have explained, the record indicates that no representations or promises had been made to defendant regarding a likelihood of probation. Although two paragraphs regarding probation ineligibility had been crossed out on the plea form, that merely left sentencing options open. Defendant agreed to a seven-year lid and indicated that he had received no other promises. Notwithstanding the clear statutory provisions making defendant presumptively ineligible for probation, defense counsel nevertheless continued to forcefully advocate for defendant, urging that the matter be referred back to the probation department for a second probation report so that defense counsel could continue to argue that a probation grant for defendant was in the interests of justice.

7

On this record, defendant has not established that his counsel was deficient. (*People v. Price* (1991) 1 Cal.4th 324, 387 [counsel is not ineffective in declining to take futile actions].)

### III

In addition, defendant contends the abstract of judgment must be corrected, and the People agree. Defendant admitted the special allegation that he personally inflicted great bodily injury under section 12022.7, subdivision (e). But the abstract of judgment references section 12022.7, subdivision (a). We will direct the trial court to correct this clerical error in the abstract of judgment. (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

### DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect that defendant admitted an enhancement allegation under section 12022.7, subdivision (e), and to forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                                     /S/
                                         MAURO, Acting P. J.


We concur:


    /S/
KRAUSE, J.


    /S/
BOULWARE EURIE, J.